S. T. JONES *v.* JERRY McCLAIR.

Under the act of March 16th 1869, suspending the C. C. P., the summons in a civil action is to be returned to the *Term.*

*Therefore* an action in which the summons was returnable before the Clerk, upon demurrer by the defendant, will be dismissed ; and an incidental warrant of attachment (issued because defendant was removing his goods, &c.,) although properly returnable, will follow the fate of the action.

(*McAdoo* v. *Benbow,* 63 N. C. 461, cited and approved.)

ACTION tried, upon demurrer by the defendant, by *Watts, J.*, at Chambers, December 9th 1869, JOHNSTON Court.

The summons was *returnable* before the Clerk of the Court, and a warrant of attachment, sued out at the same time (because the defendant had removed part, and was about to remove other, of his property,) was *returnable* in the same way.

The defendant demurred to the complaint, for want of jurisdiction. His Honor overruled the demurrer, and the defendant appealed.

*Bragg and R. G. Lewis*, for the appellant.
*Phillips & Merrimon, contra.*

1. The 11th Section of the act of March 11th 1869, is to be construed as excepting from the general provisions of the act, all *actions* in which an attachment issues cotemporaneously with the summons.

2. The act of March 11th 1869, is unconstitutional, as violating Art. 4, s. 4, of the State Constitution, which provides that " the Superior Courts shall be at all times open," &c.

3. The act is unconstitutional, as being on its face, a Stay-law : It is temporary in its objects and effect,—the 11th section is copied from former Stay-laws ; *Jacobs* v. *Smallwood*, 63 N. C. 112.

RODMAN, J. It seems to us that the only question presented by this record, is as to the proper return day of the summons ; a question which was decided in *McAdoo* v. *Benbow*, 63 N. C. 461, which decision the Court is not disposed to review. The summons was returnable before the Clerk of the Superior Court not in Term time.

According to that case it was irregular, and ought to have been dismissed. It seems to us that the warrant of attachment must share the fate of the action to which it was only

an adjunct.    With this opinion, we do not think it necessary or proper to decide the other interesting questions which were discussed at the bar.    Action dismissed.

Let this opinion be certified.

PER CURIAM.                    Judgment dismissed.