## ISAAC BATES *v.* BANK OF FAYETTEVILLE.

The 503rd section of the C. C. P., which provides for the docketing of a Justice's judgment in the office of the Clerk of the Superior Court of the County, so as to make it a judgment of the Superior Court, from the time of its being docketed, is not repealed by the Act of 1868–'9,. ch. 76, entitled "An Act suspending the Code of Civil Procedure in. certain cases."

The cases of *Norwood* v. *Sharpe,* 64 N. C. Rep. 682, and *McAdoo* v. *Benbow,* 63 N. C. 461, cited and approved.

Motion to vacate a judgment and set aside an execution issued thereon, made before his Honor *Judge Russell,* at Fall Term, 1870, of CUMBERLAND Superior Court.

The facts were that the plaintiff obtained a judgment before a justice of the peace against the defendant on the 4th day of April, 1870, for the sum of $195 and costs, and on the same day a transcript thereof was filed and docketed in the office of the Clerk of the Superior Court of Cumberland County, that being the County in which the judgment was rendered. Executions were afterwards issued on the judgment under which the defendant's property, personal and real, were levied upon and sold. The defendant, after due notice to the plaintiff, moved to vacate the said judgment of the Superior Court and set aside the execution which had been issued thereon, for the following reason:

That on the 4th day of April, 1870, which was in vacation, the Clerk had no right to make the judgment of the Justice a judgment of the Superior Court, because the Act of March 22nd, 1869, (see Acts of 1868–'9, ch. 76,) entitled "An Act suspending the Court of Civil Procedure in certain cases" applied to and repealed section 503 of the C. C. P.

His Honor declined to grant the motion to vacate the judgment and set aside the execution, and the defendant appealed.

6

*B. & T. C. Fuller* and *Phillips & Merrimon* for the defendant.

*Hinsdale* and *McRae* for the plaintiff.

SETTLE, J.   We are of opinion that the act ratified the 22nd day of March, 1869, entitled "An Act suspending the Code of Civil Procedure in certain cases," does not repeal or suspend section 503 of the Code of Civil Procedure.   This section enacts that "a Justice of the Peace on the demand of a party in whose favor he has rendered a judgment, shall give a transcript thereof, which may be filed and docketed in the office of the Superior Court Clerk of the County where the judgment was rendered.   The time of the receipt of the transcript by the Clerk shall be noted thereon and entered on the docket; and from that time the judgment shall be a judgment of the Superior Court in all respects," &c.

In rendering the services required by this section the Clerk performs no judicial act, he gives no judgment of his own, but simply records the judgment of the Justice of the Peace, just as he records the judgment rendered in some other county, and sent to him to be entered upon his judgment docket.   *Norwood* v. *Sharpe,* 64 N. C. 682.   And thereupon by operation of law, the Justice's judgment becomes a judgment of the Superior Court in all respects.

There is nothing in *McAdoo* v. *Benbow,* 63 N. C. 461, which militates against this view.   The general policy in regard to the collection of claims within the jurisdiction of a magistrate has been to give a speedy remedy, but if the construction contended for by the defendant be adopted, it will virtually destroy the jurisdiction of Justices of the Peace, and as was said upon the argument, if a Justice's judgment cannot be docketed except in term time, then there is no way for a judgment creditor to secure his lien upon land, and it is in the power of the debtor to dispose of his land at any time before the term, and thus defeat the

judgment. It cannot be that the Legislature intended such results. If such had been their purpose, they would undoubtedly have used plain terms to express it. On the contrary the Legislature, during the same session, and a few days after the ratification of the act suspending the Code of Civil Procedure in certain cases, (ratified the 22nd day of March, A. D., 1869,) expressly recognized the existence and binding effect of the C. C. P., sec. 503, by repealing the last clause only of said section. The Act of 1868-'9, ch. 95, sec. 1, ratified the 1st day of April, A. D., 1869, enacts "that the last clause of section five hundred and three of the Code of Civil Procedure, in the following words, to-wit: 'But no Justice's judgment, for a less sum than twenty-five dollars, exclusive of costs, shall be so filed and docketed in the office of the Clerk of the Superior Court,' be and the same is hereby repealed," thus recognizing and leaving in full force all other provisions of the said section. And again by the 13th section of an Act to create a mechanics, and laborers, lien law, ratified the 6th day of April, A. D., 1869, section 503 of the Code of Civil Procedure, is expressly recognized as being in full force.

The judgment of the Superior Court is affirmed.

PER CURIAM.                    Judgment affirmed.