D. J. FOLEY, BRO. & CO. v. BLANK & LOVICK.

*Excusable Neglect—Code, Sec. 274—Filing Pleadings.*

1. A pleading placed on the files of the Court after the Judge has left for the term, is not filed in contemplation of law.

2. Where, in setting aside a judgment for excusable negligence, the Judge does not state the ground on which he founded his order, his action will be upheld, if in any aspect of the case it would be proper.

3. The Supreme Court can review on appeal what is mistake, surprise or excusable neglect under section 274 of *The Code*, but it cannot review the discretion exercised by a Judge of the Superior Court under that section.

4. Where the Judge left the Court before the end of the term, but did not adjourn the Court, leaving it to expire by its own limitation, and a judgment by default was entered against a defendant, who filed an answer before the expiration of the term, but after the departure of the Judge; *Held*, excusable negligence.

5. When the Judge presiding leaves a court finally before the term has expired he should have it adjourned and not leave it open to take care of itself. Such practice has no legal sanction, and it gives rise to misapprehension, confusion and wrong.

(*Branch* v. *Walker, ante*, 87, cited and approved).

MOTION to set aside a judgment, heard before *Gudger, Judge,* at Chambers in RALEIGH on January 21, 1885.

His Honor granted the motion, and the plaintiffs appealed.

*Messrs. H. R. Bryan, G. V. Strong* and *E. C. Smith,* for the plaintiffs.

No counsel for the defendants.

MERRIMON, J.    The plaintiffs brought this action to the Fall Term, 1884, of the Superior Court of Craven county, and filed their complaint within the three first days of that term, and made a minute on the docket of the Court requiring the answer to be filed during the term.    This minute was made in accordance with a practice peculiar to that ·Court.    On Saturday of the second week of the term, the business of the term having been disposed of, the Judge left the county without formally adjourning the Court, but left the term open to expire by its own limitation.

On Friday of the second week of the term, the day before the judge left, a judgment by default final for want of an answer, was entered against the defendants.    On the next day, Saturday, the day the judge left, the defendants filed their answer, in which they denied all the material allegations in the complaint.    Afterwards, an execution issued upon the judgment.

Upon motion heard by the judge at Chambers, he made an order setting the judgment aside, and directing the clerk to issue a writ of *supersedeas* to the sheriff in respect to the execution. The plaintiffs excepted, and appealed to this court.    The judge does not state the ground upon which he founded his order setting aside the judgment in question.    So, if in any aspect of the motion before him, his action can be upheld, it must be done.

Upon looking into the record, we find the regularity of the judgment questionable, but we do not find it necessary to decide upon that.    The judge left the term open—to expire by its own limitation.    The defendants may, therefore, have thought, and

not unreasonably, that they had the right to file their answer at any time during the last day of the term, although the judge was not present.  It seems their counsel thought so, and they certainly would have had such right, if the judge had been present. But a pleading placed on the files of the court in the absence of the judge, after he has left for the term, is not filed in contemplation of law, and we repeat, that the judge ought never to leave the term open to take care of itself.  Such practice has no legal sanction, and it gives rise to misapprehension, confusion and wrong.

Leaving the term of the court open to expire by its own limitation, may have led the defendants to mistake their right to file their answer at the time they undertook to do so.  As they could not properly file it in the absence of the judge, they may have been surprised.  Such mistake or suprise would not be unreasonable, and it would be such as would authorize the judge in a proper case, in the execution of his sound discretion, to set a judgment aside.  *Branch* v. *Walker, ante,* 87.

This court has authority to determine what constitutes "mistake, inadvertence, surprise or excusable neglect," under *The Code,* sec. 274, but it has no authority to review or interfere with the discretion exercised by the judges of the Superior Court under that section.  So, in this case, as in view of the facts there may have been such mistake or suprise, we cannot interfere with the discretion of the judge who set the judgment aside.  He certainly had authority to do so, not subject to our review.

There is no error.  Let this opinion be certified to the Superior Court according to law.

No error.                                             Affirmed.