C. DELAFIELD et al. v. LEWIS MERCER CONSTRUCTION
COMPANY.

*Superior Court—Duration of Term—Term Ends When Judge
Leaves the Bench.*

1. The term of a Superior Court does not extend to the end of the period allotted to it by law, but only "until the business is disposed of."

2. There can be no session of a Court without a Judge ; hence, when the Judge leaves the bench for the term, although no notice is given of the final adjournment, or it is ordered to expire by limitation, the term ends and the Judge cannot hear any matters out of the court-house, except by consent, unless it is "chambers" business.

3. Section 22 of Article 4 of the Constitution requiring the Courts to be always open, must be construed in connection with section 11 of the same Article, and does not apply to the *Terms* of Courts and matters connected therewith.

4. The time within which notice of appeal or case on appeal is to be served, must be computed from the actual adjournment of the Court, *i. e.*, the time when the Judge leaves the bench, and not from the constructive expiration of the term.

5. When there is no case on appeal legally before this Court, the appellee is not entitled to dismiss the case, but the judgment below will be affirmed, in the absence of error in the record proper.

CIVIL ACTION heard before *Graves, J.*, at Spring Term, 1894, of CRAVEN Superior Court.

The appellees except here for that the appellants' statement of case on appeal was not served on them within the time required by law. The facts found by the Court below are, that " at May Term of said Court, at which judgment of confirmation of a sale of defendant's property was rendered, and from which the appeal was taken, on Friday, the 8th day of June, 1894, about noon, all the business before said Court having then been disposed of, the Judge left the bench and stated to the Sheriff that he need not formally adjourn the Court, but let it expire by law, and the Judge of said Court

DELAFIELD *v.* CONSTRUCTION COMPANY.

signed the record of said term and left said county and the judicial district in which said county is situated, on said 8th day of June, 1894.

" That on June 19, 1894, the appellants presented the case on appeal to the attorneys for appellees, who informed appellants' attorneys that the time of service thereof had expired the day before, and that attorneys for appellees endorsed thereon the following, as appears from the original : ' Service of this case on appeal accepted this June 19, 1894, expressly reserving the right to except to the time of service thereof, our contention being that the same is not in time, as required by law.' "

*Messrs. O. H. Guion* and *W. W. Clark,* for plaintiffs.

*Mr. W. D. McIver,* for Chattanooga Foundry and Pipe Works.

*Messrs. Iredell Meares* and *C. R. Thomas,* for other defendants.

CLARK, J.: There was once, to some extent, an idea prevalent that the term of a Court extended to the last Saturday of the one, two or three weeks for which it might be held, although the Judge might have left. This idea of a Court in session without a Judge is not warranted by law. Equally by *The Code,* § 910, and by the amendatory act of 1885, ch. 180, it is provided that the Court shall be held " and continue in session " for each county for one week or more (as is there specified), " unless the business is sooner disposed of." Thus the session or term is not for the week or weeks specified, but only " until the business is disposed of." While this makes it the Judge's duty to continue the session the full time allotted, unless all the business is transacted, yet, when he leaves, the session or term is at an end, for no more business can be " disposed of." He cannot hear matters of either a civil or criminal nature out of the court-house,

except by consent, unless it is " chambers " business and not " term " business.   The Constitution, Art. 4, § 22, requiring the Courts to be always open, must be construed in connection with section 11 of the same Article, and does not apply to the terms of Courts and matters connected therewith. *McAdoo* v. *Benbow*, 63 N. C., 461.

In *Foley* v. *Blank*, 92 N. C., 476, and *Branch* v. *Walker*, *Ibid.*, 87, this idea of a " constructive " term of the Court till the end of the week, or two weeks, was negatived, and it was pointed out that the Court was actually adjourned when the Judge left for the term, and the evils were referred to which would result from recognizing as valid the filing of any pleadings, or anything else done after the Judge left. In that case, as in this, his Honor had directed that the Court " should remain open and expire by limitation," under the mistaken impression that the Court could be constructively open after he had left.   The Judge, when he leaves the bench for the term, should cause due notice to be given by the crier, of the final adjournment.   This is regular and orderly, and will give notice to any having undisposed business to be brought to the attention of the Court.   But should the Judge omit to do this, or even mistakenly direct, as in above cases, that the Court should remain open till " the term expire by limitation," still there is an actual adjournment when he leaves the bench for the term.   There is no Court when there is no Judge to hold it, and there can be no constructive session after he has left.   Hence, in all the cases since, as to the time within which notice of appeal or case on appeal is to be served, the time has been computed from the actual adjournment, meaning the time when the Judge left the Court, and not the constructive expiration of the term which had been negatived.   *Turrentine* v. *Railroad*, 92 N. C., 642;  *Walker* v. *Scott*, 104 N. C., 481.

In the latest case, *Rosenthal* v. *Roberson*, 114 N. C., 594, it is expressly held that " the time allowed, whether by statute

or consent, for service of the case on appeal is to be counted not from the last day of the two weeks during which the Court could have been held, but is to be computed from the day of the actual adjournment." In the present case the Judge left the county and district on the 8th day of June, and the case on appeal was not served till June 19. This was more than the statutory time of "ten days from entry of appeal taken," such appeal having been taken during the term. There must be some time prescribed and observed, a delay beyond which to serve the case on appeal will forfeit the right to do so. The Legislature has extended that time to ten days. The appellant not having served his case on appeal within that time, there is no case on appeal legally before us. This does not entitle the appellee to dismiss the case, but there being no errors in the record proper, we will affirm the judgment. *Cumming* v. *Huffman*, 113 N. C., 267.

It is not improper to add that if the "case" were properly before us, there are no merits in the appeal. The Judge finds as a fact that the property sold for a full and fair price. As to the averments in affidavits of the interest of the Commissioner in the purchase, the objection was overruled by the Judge, and the appellant did not ask that the facts be found. *Milhiser* v. *Balsley*, 106 N. C., 433.

Judgment affirmed.