WALKER, J., dissenting.
The trial ended on Saturday afternoon, the last day of the term. The jury had not returned their verdict at 4:45 p. m. and the trial judge desiring to board a train scheduled to depart at 4:51 p. m., had the following entry made by consent of counsel for plaintiff and defendant:
"It is agreed by the counsel for the plaintiff and the defendant that the jury may return their verdict to the Clerk, and that the judgment may be signed out of term and out of the county." *Page 632 
The judge then left the court to board the train, and the jury afterwards returned a verdict in favor of the defendant. No judgment was signed at the July term, but at the following (September) term his Honor entered the following:
"In this cause, the same being tried at the July Term, 1919, of this court, and a verdict on the issues found by the jury in favor of the defendant, and counsel agreeing that the court might sign judgment out of term, and out of the county; the court now, in its discretion and upon its own motion, set the verdict in said case aside and orders the case to be reinstated on the civil issue docket of this court to the end that a new trial be had upon issues submitted before another jury."
Defendant appealed.
When the judge finally leaves the bench at any term of court, the court expires whether the week has ended or not. Delafield v. Construction Co.,115 N.C. 21, and citations thereto in Anno. Ed.
Motion to set aside the verdict, or take other action in the case at the next term, cannot be entertained, except by consent, because to do this would be to permit in effect an appeal from one Superior Court judge to another, and of course if this were allowable an appeal from such action could be taken to the next term of the Superior Court, and so on adinfinitum. Even if the judge before whom the motion is made at the next term of court were the same judge his memory of the evidence would be dimmed by the lapse of time.
While this is so, it has been the custom that when the judge is leaving after trying the last case at the term, an agreement of counsel that the verdict may be taken by the clerk and that the judgment thereon may be signed at any other time or place within the district, is not unusual. It may be said that it is a bad custom, and very frequently leads to inconvenient results, as in this case. It ought to be discountenanced and is only tolerated as a matter of convenience to avoid going over the trial again when all other matters of the court have been disposed of and counsel do not wish to detain the judge to await the result of the deliberations of the jury.
In this case, the usual agreement was made that the judgment should be signed by the judge at any other time and place, and the sole question is what is the just and reasonable construction of such agreement. It is the right of every litigant that after the verdict is brought in by the jury the party against whom it is rendered can move to set aside the verdict, if against the weight of the testimony, or contrary in the opinion *Page 633 
of the judge to justice. It is not reasonable to suppose that either side to the agreement in this case intended that it should be deprived of this supervisory power which the law from time immemorial has vested in the presiding judge to review and supervise the action of the jury. The jury may have misunderstood the evidence, or the charge of the Court, and sometimes may have been misled by the able arguments of counsel, or by local or personal bias. For this reason the losing party whoever he may be, has the right to have the judge supervise the verdict, and while he cannot reverse the action of the jury there must be the judgment of the courtrendered after due deliberation upon the finding of the jury. As a great judge once said, in reviewing the action of the jury, on a motion to set aside the verdict, "It takes 13 men in this court to deprive a man of his land, his rights, or his liberty." It is not to be presumed that either party to this action contemplated such waiver of his rights to have the judge supervise the action of the jury. It must expressly appear by the agreement that such waiver was made of this important right.
The only reasonable and just construction of this agreement is that when the jury brought in their verdict in the absence of the judge the case should stand, precisely in the same light as it would have stood if the judge had been present, and the verdict was rendered, and for the purposes of this case, the term was constructively extended so that at any other time and place in the district the judge, counsel of both sides being present, should hear such motions as could have been heard if he had been present at the return of the verdict, and should take such action as he could have done under such circumstances. The agreement was that for the purposes of this action the term of the court was prolonged and this case should be treated by the judge as if that term of the court were in session. The judgment should then be rendered. No agreement was necessary as to a mere formal signing.
It is true that the agreement might have been made longer and more explicit, but the one entered was that which is usually made and was intended only to transfer the case after verdict, or rather continue it, in the same plight and condition to be heard before the judge upon such motions as could have been made had the judge remained and received the verdict, and he should render judgment.
The only case that bears a contrary construction is Knowles v. Savage,140 N.C. 372. With all respect to the distinguished judge who wrote that opinion, for a unanimous Court, we think that this view of the matter was not presented nor passed upon; and that in view of the result of such ruling in depriving the losing party of the right to have the verdict reviewed, which he would have had if the court had remained in session, that part of the opinion in Knowles v. Savage should be not *Page 634 
followed. A blind adherence to precedent may have a far worse effect in depriving parties of their rights guaranteed by law, and in proper instances and when no property rights will be affected the opinion will be modified or overruled.
There are weighty reasons why this should be done in this case rather than deprive any party, "unbeknownst to himself" of his legal rights, and thus continue a practice which cannot subserve the ends of justice, which require that in every case the losing party should have the right to apply to the judge to revise and set aside the verdict, or at least to have his opinion upon it before he renders his judgment. An agreement to waive such rights must be explicit.
If the court had rendered judgment then signing it would have been a mere ministerial act, for which no agreement was necessary. The essential matter is that the judge should render judgment and until that has been done there has been no legal conclusion of the controversy.
There is no stipulation in this agreement that the judge should sign judgment "in accordance with the verdict." We should not insert these words. In literal compliance with the agreement he has signed judgment but the judgment is his own judgment, which in accordance with the power vested in him he has made "in his discretion and of his own motion," setting aside the verdict because against the weight of the evidence. And this judgment should be
Affirmed.