STATE v. C. B. McLEOD.

(Filed 14 October, 1942.)

**1. Courts § 7—**

The judge of an inferior court has no authority, after the term has ended, to modify a judgment, from which defendant had appealed, and permit defendant to withdraw his appeal.

**2. Courts § 4—**

When a judge leaves the bench and the term is left to expire by limitation, the term ends then and there.

**3. Same—**

Where the length of the term of an inferior court is not expressly stated by the statute other than that it shall continue until the business before it be disposed of, the term cannot last beyond the time fixed for the next succeeding term, unless perhaps a trial in actual progress should extend it.

APPEAL by defendant from *Harris, J.,* at May Criminal Term, 1942, of HARNETT.

Criminal prosecution in recorder's court of Harnett County upon a warrant charging defendant with the offense of unlawful possession of intoxicating liquors for the purpose of sale.

The record on this appeal shows:

1. That on Tuesday, 8 April, 1941, upon hearing in the recorder's court of Harnett County, defendant pleaded guilty to the charge in the warrant to which reference is above made. Whereupon, the court entered judgment sentencing defendant to jail for a term of six months to be assigned to work upon the roads under the direction of the State Highway and Public Works Commission—judgment to be suspended for two years upon condition that the defendant pay a fine of $1,000.00, and costs, and that "he do not violate prohibition laws for two years." From this judgment defendant appealed to Superior Court. "Bond fixed at $500.00."

2. That, thereafter, and on Saturday, 26 April, 1941, after the adjournment of the sitting of said court on 8 April, 1941, and while the court was not in session, the recorder of the recorder's court instructed the clerk of said court to modify, and the clerk did make and enter upon the records of said court this modification of the above judgment: "April 26, 1941. It appearing to the court that the statute requires that all licenses for the sale of beer, wines and all intoxicating bitters be revoked, it is therefore ordered that the license of the defendant be revoked on all such licenses and that $250.00 of the above fine be remitted, and upon

further condition that no alcoholic beverage be permitted on premises in any quantity. Defendant withdraws appeal and pays fine and costs."

3. That, thereafter, on Tuesday, 9 December, 1941, the following judgment was attempted to be entered by the said recorder of the recorder's court: "December 9th, 1941. It appearing to the court that the defendant has not complied with the terms of suspension of this judgment, commitment to issue at once. Whereupon defendant gave notice of appeal to Superior Court and his appearance bond fixed at $500."

4. That, thereafter, at the May Term, 1942, of the Superior Court of Harnett County, the solicitor moved the court for capias for and commitment of defendant upon the foregoing record, and, upon hearing of this motion and evidence in substantiation of same, Harris, J., presiding, entered the following judgment: "This cause coming on to be heard, and being heard . . . upon appeal of the defendant from a judgment heretofore entered in the recorder's court of Harnett County wherein the defendant was found guilty of violating the terms of a suspended sentence heretofore entered by the judge of the recorder's court of Harnett County and in which the said judge of the recorder's court of Harnett County found as a fact that this defendant, C. B. McLeod, had violated the terms of said suspended judgment in that he had intoxicating liquors on his premises, and this being found as a fact by the court, and judgment prayed upon the suspended judgment already given, this defendant, C. B. McLeod, was sentenced to six months, and from that judgment the defendant appealed to the Superior Court of Harnett County. That this appeal came on to be heard before the judge of the Superior Court at the regular May Criminal Term, 1942, of said court, and the State having offered evidence from K. C. Matthews and Merlin Cobb that two full pints and one half pint of intoxicating liquor was found on the premises of the said defendant, and this not being denied by the defendant, after the court had requested if he had any statement to make as to the evidence offered, whereupon the court, upon motion of the solicitor for a directed verdict against this defendant to enforce the judgment heretofore made by the judge of the recorder's court of Harnett County, and from which the defendant has appealed to this court, the court finds the above to be facts, and that the defendant did have intoxicating liquors on his premises and in his possession in direct violation of the suspended judgment entered against him in the recorder's court of Harnett County; Whereupon, it is ordered, adjudged and decreed that the defendant be sentenced to six months in jail of Harnett County to be assigned to the roads, the same being the length of sentence given him in the judgment of the judge of the recorder's court of Harnett County."

From this judgment defendant appealed to Supreme Court and assigns error.

STATE v. MCLEOD.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*J. R. Young and Neill McK. Salmon for defendant, appellant.*

WINBORNE, J. This is the fundamental question upon which decision on this appeal rests: Did the recorder of the recorder's court of Harnett County have authority on 26 April, 1941, to modify the judgment entered by him on 8 April, 1941, from which defendant had appealed to Superior Court, and to permit defendant to withdraw such appeal? The answer is "No."

The terms of the recorder's court of Harnett County, a court of record, presided over by a recorder, are regulated by the statute, under which the court was created and now exists, Public-Local Laws 1913, chapter 602, section 19, as rewritten and re-enacted by Public-Local Laws 1915, chapter 422, section 3, as amended by Public-Local Laws 1927, chapter 616, and as further amended by Public-Local Laws 1939, chapter 482, section 2, and, as so regulated, the term at which the judgment of 8 April, 1941, was entered, had expired long before 26 April, 1941. The statute, as thus amended, now provides that said court "shall be opened at nine o'clock in the morning of each and every Tuesday of each month, at the county seat, and shall continue in session daily until the business before it shall be disposed of: Provided the recorder shall have power to convene his court at any time for the purpose of conducting preliminary examinations of criminal matters wherein said recorder's court has not final jurisdiction, and for the trial of criminal cases where the defendant is in jail and unable to give bail, provided such prisoner shall demand trial before the regular term of said court." And to this section, by the amendment in Public-Local Laws 1939, chapter 482, section 2, there is added another sentence which reads: "That said court shall convene on the first and third Wednesdays in each month for the trial of civil cases only, and shall continue in session daily until civil business shall be concluded: Provided, the court, by consent of the parties, may hear civil cases at any sitting of the court, and criminal cases after the civil business shall have been concluded."

From these provisions of the statute, it is clear that a new term of the recorder's court of Harnett County opened, that is, began, or commenced, at least, on each Tuesday morning, and while the length of such term is not expressly stated other than that "the court shall continue in session daily until the business before it shall be disposed of" (see *Delafield v. Construction Co.*, 115 N. C., 21, 20 S. E., 167), it is manifest that the term would terminate at the time fixed by the statute for the next succeeding term, 21 C. J. S., 233, Courts, section 151, unless, perhaps, a trial in actual process should extend into the next term.

Furthermore, the decisions of this Court are to the effect that when the judge leaves the bench and the term is left to expire by limitation, the term ends then and there, and the judge cannot hear motions or other matters outside the courtroom except by consent, unless they are such matters as are cognizable at chambers. *Delafield v. Construction Co., supra; May v. Ins. Co.,* 172 N. C., 795, 90 S. E., 890; *Cogburn v. Henson,* 179 N. C., 631, 103 S. E., 377; *Dunn v. Taylor,* 187 N. C., 385, 121 S. E., 659. This being so, the recorder of the recorder's court of Harnett County was without authority to enter the judgment of 26 April, 1941, and, by the same token, he was without authority to enter the judgment of 9 December, 1941, in the absence of a valid withdrawal of the original appeal.

Let the cause be remanded for disposition sanctioned by law.

Error.