F. C. GEER v. H. A. REAMS and another.

*Section 133—Modification of Judgment—Neglect of Counsel.*

1. A judgment may be set aside, in whole or in part : the court is invested by the statute with full legal discretion over the matter.
2. A party defendant, whose attorney enters an appearance as counsel but fails to file an answer, is entitled to relief against a judgment taken for want of an answer—no laches being imputed to the party himself.

   (*Bank* v. *Foote,* 77 N. C., 131 ; *Nicholson* v. *Cox,* 83 N. C., 48, cited and approved).

MOTION to set aside a judgment heard at Fall Term, 1882, of ORANGE Superior Court, before *Shipp, J.*

The plaintiff, as assignee of the Citizens National Bank of Raleigh, brought an action to fall term, 1881, of the superior court of Orange county, upon the following promissory note:

"$2,500.   Four months after date, for value received, being for money borrowed, we promise to pay the Citizens National Bank of Raleigh, North Carolina, or order, twenty-five hundred dollars, negotiable and payable at said bank with interest at the rate of eight per cent. per annum after maturity, until paid.

(Signed)                        JOHN C. BLAKE,

                                H. A. REAMS,

                                P. J. MANGUM,

                                S. R. CARRINGTON,

                                R. T. HOWERTON.

Judgment was entered at said term against the defendants, Blake and Reams, for want of an answer.   Notice was duly served on the plaintiff by the defendant, Blake, that he would move the court to set aside the judgment (under section 133 of the Code) upon the ground that it was irregularly and improvidently granted, and also, of excusable negligence.

In his affidavit in support of the motion, the defendant alleged that shortly after the summons was served upon him, he employed T. C. Fuller, who practiced in said court, to appear for him in the action and make a defence; that Mr. Fuller simply entered an appearance, as counsel, but by inadvertence failed to put in an answer for him, and judgment was taken against him for want of an answer; that he was present at the last term of the court to attend to the case, but found that judgment had been rendered, and he is advised he had a good defence to the action; that the note was made in favor of H. A. Reams for about $2,500—he indorsed the note and discounted the same, and had it re-discounted at the Citizens National Bank, which required him to indorse it; that said sureties were previously liable for the debt and he was not co-surety, and afterwards he learned the said sureties paid the note and had it assigned to the plaintiff for

the benefit of the sureties, and the action was brought, as affiant believes, to compel him to contribute as co-surety.

There was a counter-affidavit filed on the part of the plaintiff, and the motion coming on to be heard, His Honor found the following facts:

That H. A. Reams was the principal on the note sued on, and that John C. Blake, S. R. Covington, P. J. Mangum and R. T. Howerton were co-sureties, and thereupon the court refused to set aside the judgment *in toto*, but modified the same, and adjudged that the judgment rendered at fall term, 1881, stand as to H. A. Reams, and that it be amended as to John C. Blake, so that he shall be liable for the one-fourth part of said note, to-wit: six hundred and twenty-five dollars, with interest, and the costs of the action. The defendant, Blake, appealed.

*Mr. J. W. Graham*, for plaintiff.
*Mr. W. W. Fuller*, for defendant.

ASHE, J. Whether the defendant had a meritorious defence to the action, it seems, turned upon the point whether he was co-surety with the other sureties to the note; and the fact was found by His Honor that he was a co-surety, from which we conclude that His Honor was of the opinion the defendant did not have a meritorious defence; but as the affidavit of the defendant did set forth facts making out a case of excusable negligence under section 133 of the Code, His Honor, in the exercise of his legal discretion, set aside the judgment in part. The defendant, however, insists, in that there was error: That if it was a case for the relief sought, it should have been set aside *in toto*. But we do not concur in that position. The court was invested with a full legal discretion over the matter by section 133, and had the right to annul or modify the judgment.

In the case of the *Bank of Statesville* v. *Foote*, 77 N. C., 131, which was a case similar to this, and the defence which the defendant sought to set up was usury, the court below held that

that was not a meritorious defence, yet reformed the judgment by striking from it all the interest which was alleged to be usurious, and the action of the court was sustained by this court. To the same effect is *Nicholson* v. *Cox*, 83 N. C., 48.

Upon the facts of the case as found by His Honor, and the authorities cited, we cannot say there was any abuse of the legal discretion of the court below, and the judgment must be affirmed.

No error.                                        Affirmed.