KNOWLES v. SAVAGE.

(Filed February 27, 1906).

*Evidence—Nonsuit—Judgment "Out of Term"—Power of Court—Verdict.*

1. In an action for damages for negligently failing to store and sell peanuts, where there was evidence from which the jury could have reasonably drawn the conclusion that the defendant had failed in the discharge of his duty to safely store the property, a motion to nonsuit was properly overruled.

2. An agreement empowering the judge to sign judgment "out of term," gave him no power after the adjournment of the term to hear and pass upon a motion to set the verdict aside.

ACTION by A. T. Knowles against Savage, Son & Co., heard by *Judge T. J. Shaw* and a jury, at the Fall Term, 1905, of the Superior Court of WASHINGTON. From a judgment for the plaintiff, the defendant appealed.

*Ward & Grimes* for the plaintiff.
*W. C. Rodman* for the defendant.

CONNOR, J. Plaintiff shipped to defendant, a commission merchant in Norfolk, a quantity of peanuts for storage and sale. Plaintiff alleged that he negligently failed to store and sell the peanuts, by reason whereof he sustained damage. The defendant upon conclusion of the evidence moved for judg-

ment of nonsuit. The motion being denied, defendant excepted. The court submitted the cause to the jury under instructions to which there was no exception. There was evidence on behalf of the plaintiff that the peanuts were in good condition when delivered to defendant—that they were dry and cured. The evidence in this respect was conflicting. His Honor's instruction to the jury in regard to the degree of care required to be exercised by the defendant is not set out, there being no exception thereto. The defendant contends that there was no evidence of negligent storage by him. It must be conceded that if the jury had credited the testimony offered by defendant, it fully exonerated him from any liability. The plaintiff's testimony, on the contrary, which was accepted by the jury, showed that the peanuts were in good condition when shipped to defendant on January 2, 1904, and plaintiff testified that "if they had been properly stored and cared for they would have remained in same condition as when received by him." It seems from the correspondence that on or about January 25, 1904, defendant made sale of the peanuts to be delivered in ten days. That when he undertook to deliver them they were found to be "thoroughly mixed with peanuts that were not merchantable. There were some good ones in them and it looked as if they were mixed with rotten ones." This is the testimony on the part of defendant of the purchaser who rejected them. The motion to nonsuit was of course based upon the admission that the plaintiff's evidence was all true and must be so considered by us. There was an irreconcilable conflict and the jury alone could settle the controversy. We cannot say that there was an absence of evidence from which the jury could not have reasonably drawn the conclusion that the defendant had failed in the discharge of his duty to safely store and care for the property. We must assume, in the absence of any suggestion to the contrary, that His Honor correctly instructed the jury in regard to the measure of duty imposed upon the defendant. The record states

that counsel, desiring to leave the court pending the deliberation of the jury, agreed that upon the return of the verdict, the judge could sign judgment "out of term." That neither of the counsel were present at the rendition of the verdict. The court announced from the bench that it would set the verdict aside if any one was present to make the motion. That while the judge was in another county, counsel, by letter, requested him to set the verdict aside, which he declined, because, in his opinion he had no power to do so after the expiration of the term. From a judgment upon the verdict defendant appealed, assigning as error the refusal of the court to grant his motion to nonsuit plaintiff, and the refusal to set the verdict aside. Neither exception can be sustained. It is conceded that a motion to set aside the verdict for insufficient evidence must be made before the judge, who tried the case upon his minutes and at the same term at which the trial is had. Revisal 554; *Moore v. Hinnant,* 90 N. C., 163. It is equally clear that unless otherwise agreed, the judgment must be signed during the term. The defendant contends that the agreement empowering the judge to sign the judgment after adjournment included the power to hear and determine the motion to set the verdict aside. We do not concur in this view. Such is not a reasonable construction of the agreement. Signing the judgment involved no judicial discretion or ruling. This, if omitted for any reason, could be done at a succeeding term. *Ferrell v. Hales,* 119 N. C., 199. Hearing and determining a motion to set the verdict aside is quite another matter—involving recollection of the testimony, manner and demeanor of witness and other incidents of the trial not likely to be impressed upon the memory of the judge that he may safely act upon them after adjournment. While convenience of counsel often occasion and usually justify outside agreements of the character made in this case, they frequently lead to confusion and irregularity in the administration of justice. The courts will not by construction extend

their terms beyond the fair and reasonable import of the language used. We concur with His Honor that he had no power after the adjournment of the term to hear and pass upon the motion.

The judgment must be
Affirmed.