COGBURN *v.* HENSON.

Reversed.

---

ALTHEA COGBURN v. IRA L. HENSON.

(Filed 2 June, 1920.)

1. **Courts— Terms— Expiration— Consent of Parties — Continuance · of Term.**

The term of the court expires when the judge finally leaves the bench whether the statutory time has expired or not, and motions to set aside the verdict of a jury or other like action in the case cannot be entertained at the next term, except by consent of the parties.

2. **Same—Reservation of Rights of Parties.**

An agreement by the parties to an action, the last case on trial at the expiration of the term, that "the judgment may be signed out of term and out of the county" in effect continues the term in so far as it affects the particular matter, but reserves the right to each party to have the judge exercise the discretionary powers over the verdict, invested in him by law, and his action in setting the verdict aside in his discretion, at the next subsequent term of the court, is within the purview of the agreement, and valid. This custom is discouraged by the Court, as a bad one.

3. **Same—Signing Judgments—Ministerial Acts.**

The mere signing of the judgment, upon the verdict, is a ministerial act which requires no agreement of the parties for it to be done after term. *Knowles v. Savage,* 140 N. C., 372, modified.

WALKER, J., dissenting.

APPEAL from *Ray, J.,* at July Term, 1919, of HAYWOOD.

The trial ended on Saturday afternoon, the last day of the term. The jury had not returned their verdict at 4:45 p. m. and the trial judge desiring to board a train scheduled to depart at 4:51 p. m., had the following entry made by consent of counsel for plaintiff and defendant:

"It is agreed by the counsel for the plaintiff and the defendant that the jury may return their verdict to the Clerk, and that the judgment may be signed out of term and out of the county."

The judge then left the court to board the train, and the jury afterwards returned a verdict in favor of the defendant. No judgment was signed at the July term, but at the following (September) term his Honor entered the following:

"In this cause, the same being tried at the July Term, 1919, of this court, and a verdict on the issues found by the jury in favor of the defendant, and counsel agreeing that the court might sign judgment out of term, and out of the county; the court now, in its discretion and upon its own motion, set the verdict in said case aside and orders the case to be reinstated on the civil issue docket of this court to the end that a new trial be had upon issues submitted before another jury."

Defendant appealed.

*G. S. Ferguson and J. Bat Smathers for plaintiff.*
*W. J. Hannah and J. T. Horney for defendant.*

CLARK, C. J. When the judge *finally* leaves the bench at any term of court, the court expires whether the week has ended or not. *Delafield v. Construction Co.,* 115 N. C., 21, and citations thereto in Anno. Ed.

Motion to set aside the verdict, or take other action in the case at the next term, cannot be entertained, except by consent, because to do this would be to permit in effect an appeal from one Superior Court judge to another, and of course if this were allowable an appeal from such action could be taken to the next term of the Superior Court, and so on *ad infinitum.* Even if the judge before whom the motion is made at the next term of court were the same judge his memory of the evidence would be dimmed by the lapse of time.

While this is so, it has been the custom that when the judge is leaving after trying the last case at the term, an agreement of counsel that the verdict may be taken by the clerk and that the judgment thereon may be signed at any other time or place within the district, is not unusual. It may be said that it is a bad custom, and very frequently leads to inconvenient results, as in this case. It ought to be discountenanced and is only tolerated as a matter of convenience to avoid going over the trial again when all other matters of the court have been disposed of and counsel do not wish to detain the judge to await the result of the deliberations of the jury.

In this case, the usual agreement was made that the judgment should be signed by the judge at any other time and place, and the sole question is what is the just and reasonable construction of such agreement. It is the right of every litigant that after the verdict is brought in by the jury the party against whom it is rendered can move to set aside the verdict, if against the weight of the testimony, or contrary in the opin-

ion of the judge to justice. It is not reasonable to suppose that either side to the agreement in this case intended that it should be deprived of this supervisory power which the law from time immemorial has vested in the presiding judge to review and supervise the action of the jury. The jury may have misunderstood the evidence, or the charge of the Court, and sometimes may have been misled by the able arguments of counsel, or by local or personal bias. For this reason the losing party whoever he may be, has the right to have the judge supervise the verdict, and while he cannot reverse the action of the jury there must be the judgment of the court *rendered* after due deliberation upon the finding of the jury. As a great judge once said, in reviewing the action of the jury, on a motion to set aside the verdict, "It takes 13 men in this court to deprive a man of his land, his rights, or his liberty." It is not to be presumed that either party to this action contemplated such waiver of his rights to have the judge supervise the action of the jury. It must expressly appear by the agreement that such waiver was made of this important right.

The only reasonable and just construction of this agreement is that when the jury brought in their verdict in the absence of the judge the case should stand, precisely in the same light as it would have stood if the judge had been present, and the verdict was rendered, and for the purposes of this case, the term was constructively extended so that at any other time and place in the district the judge, counsel of both sides being present, should hear such motions as could have been heard if he had been present at the return of the verdict, and should take such action as he could have done under such circumstances. The agreement was that for the purposes of this action the term of the court was prolonged and this case should be treated by the judge as if that term of the court were in session. The judgment should then be *rendered*. No agreement was necessary as to a mere formal *signing*.

It is true that the agreement might have been made longer and more explicit, but the one entered was that which is usually made and was intended only to transfer the case after verdict, or rather continue it, in the same plight and condition to be heard before the judge upon such motions as could have been made had the judge remained and received the verdict, and he should render judgment.

The only case that bears a contrary construction is *Knowles v. Savage,* 140 N. C., 372. With all respect to the distinguished judge who wrote that opinion, for a unanimous Court, we think that this view of the matter was not presented nor passed upon; and that in view of the result of such ruling in depriving the losing party of the right to have the verdict reviewed, which he would have had if the court had remained in session, that part of the opinion in *Knowles v. Savage* should be not

followed. A blind adherence to precedent may have a far worse effect in depriving parties of their rights guaranteed by law, and in proper instances and when no property rights will be affected the opinion will be modified or overruled.

There are weighty reasons why this should be done in this case rather than deprive any party, "unbeknownst to himself" of his legal rights, and thus continue a practice which cannot subserve the ends of justice, which require that in every case the losing party should have the right to apply to the judge to revise and set aside the verdict, or at least to have his opinion upon it before he renders his judgment. An agreement to waive such rights must be explicit.

If the court had rendered judgment then signing it would have been a mere ministerial act, for which no agreement was necessary. The essential matter is that the judge should render judgment and until that has been done there has been no legal conclusion of the controversy.

There is no stipulation in this agreement that the judge should sign judgment "in accordance with the verdict." We should not insert these words. In literal compliance with the agreement he has signed judgment but the judgment is his own judgment, which in accordance with the power vested in him he has made "in his discretion and of his own motion," setting aside the verdict because against the weight of the evidence. And this judgment should be

Affirmed.

WALKER, J., dissenting: The plaintiff alleged that defendant, who is her brother, had committed a fraud upon her in drawing a deed by which he was directed to divide certain land equally between them, their father having given the direction, as part of the land belonged to him and he desired that plaintiff should have one-half of it. The deed was so drawn and executed, as to give the defendant thirty acres more than the plaintiff, his sister. The action was brought to recover damages for the fraud. Issues were submitted to the jury and answered in favor of the defendant.

The trial was concluded on Saturday, the last day of the term, but the jury did not deliver their verdict until 4:45 o'clock p. m. The judge desiring to take the eastbound train for Asheville, N. C., the following order was entered in the minutes by consent: "It is agreed by the counsel for the parties that the jury may return their verdict to the clerk, and that the judgment may be signed out of term and out of the county." The judge then left the courthouse to catch the train and went on it to Asheville. The jury returned the verdict to the clerk after the judge had left. No further action was taken in the case until September Term, 1919, when the same judge, of his own motion, set aside the verdict by the following order:

"In this cause, the same being tried at the July Term, 1919, of this court, and a verdict on the issues found by the jury in favor of the defendant, counsel agreeing that the court might sign judgment out of term, and out of the county; the court now in its discretion, and upon its own motion, sets aside the verdict in said case and orders the case to be reinstated on the civil issue docket of this court to the end that a new trial be had upon issues submitted before another jury." To this order, the defendant excepted and appealed.

The question we have before us is one as to the judge's power to set aside the verdict under the agreement of the parties as made at July Term, 1919. My opinion is that, under a former decision of this court, he had no such power, as it was held unquestionably, that an agreement, like the one in this case, does not authorize such action by him. This question arose some years ago and the Court fully considered it in *Knowles v. Savage,* 140 N. C., 372. The Court, in that case, stated it to be conceded, that a motion to set aside a verdict for insufficient testimony must be made before the judge who tried the case, at the term in which the verdict was rendered (Rev., 554); *Moore v. Hinnant,* 90 N. C., 163; *Turner v. Davis,* 132 N. C., 187, and the judgment must be entered during the same term, unless otherwise agreed by the parties. The same contention, as here made, was the identical one put forward in that case, which is that an agreement authorizing the judge to sign the judgment after the adjournment of the court for the term, included the power to hear and determine a motion for a new trial, or to set the verdict aside, for error in fact or law, but the Court rejected this view, as it was not based on a reasonable construction of the agreement. It is urgently insisted that this was error, and that such an agreement, obviously implies, that preliminary motions, for a new trial etc., may be submitted and passed upon. We admit there is great force in the contention. They argue that neither party would take the risk of the judge having the power to sign a judgment, not knowing what the verdict would be, without the right of appeal and review. If he did, it would be very imprudent on his part, and greatly jeopardize his interests, and perhaps destroy them. If he could move for a new trial when there was error in law, or to set aside the verdict, as being against the weight of the evidence, or because the damages allowed by the jury are excessive, or for any other good, and valid reason, important and valuable rights might be saved. For this and other reasons they insist that the parties intended to retain the benefit of those remedies which are essential to preserve their rights, when error has been committed by the court or jury. The argument may be plausible, and quite persuasive, in support of their position, but it has been thoroughly considered and weighed by the Court, and failed to produce conviction as

to the correctness of plaintiff's view. The Court, in *Knowles v. Savage, supra,* said that signing a judgment is a ministerial act, involving no exercise of judgment or discretion, and, if omitted for any reason, could be done at a subsequent term, as decided in *Ferrell v. Hales,* 119 N. C., 199, but that hearing and determining a motion to set aside a verdict is a different matter, as it calls for recollection of the testimony, manner, and demeanor of witnesses, and other incidents of the trial not likely to be impressed upon the memory of the judge, so that he may safely act upon them after adjournment. The Court then gave this admonition: "While convenience of counsel often occasions, and usually justifies, outside agreements of the character made in the case, they frequently lead to confusion and irregularity in the administration of justice. The court will not by construction extend their terms beyond the fair and reasonable import of the language used. We concur with his Honor that he had no power after the adjournment of the term to hear and pass upon the motion." The difference in the views thus presented is, that one adopts a literal or strict construction, and the other a liberal construction of the agreement with the purpose of giving effect to the presumed intention of the parties. The case of *Knowles v. Savage, supra,* was cited in *Stilley v. Goldsboro Pl. Mills Co.,* 161 N. C., 517, but there was no agreement in that case by the parties as to signing the judgment after the term of court had expired; it was simply a motion to set aside a verdict in vacation because of newly discovered evidence, which was made in term, but continued for hearing to the next term of the court, by order of the judge, in the absence of the plaintiff and his counsel. The *Knowles case* was also cited in *Pfeifer v. Drug Co.,* 171 N. C., 214, but the point in this case was not presented. The court simply entered judgment on a verdict rendered at a former term, which was held to be regular and according to the course and practice of the court.

There is, at least, sufficient doubt, as to the true meaning of the agreement, to call for an adherence to the principle, that cases should not be lightly overruled, and not at all except where there is clear and manifest error. The *Knowles case,* was a well considered one, and the opinion written by an able and learned judge, and its right to continuance as a precedent is supported, at least by the fact that it construes the agreement according to the language of the parties to it, and the form of expression they selected to declare its meaning as it was understood by them at the time, while the Court's view requires construction of it, by inference or implication as to what it means. The parties had the right to make the agreement, as it is confining the action of the judge to the mere signing of the judgment. All this but tends to show that the question is not so entirely free of doubt as to justify overruling *Knowles v. Savage, supra.*

It would have been easy under a contrary decision, for parties to frame such agreements, so as to provide that the judge shall have the same power and jurisdiction as if all matters had been disposed of in term, and thereby preserve the right to make all motions and review all decisions of the court by appeal.

If we are to abide by precedent, and adhere to our former decisions, we should have held that *Knowles v. Savage* is fatal to the plaintiff's present contention, and therefore there was error. It follows that the order of the judge should have been set aside, the verdict reinstated and judgment entered thereon in accordance with the law, as declared in the *Knowles case.*

I shall, though, hereafter accept this decision of the court and abide by its construction of such agreements as it is only a question of procedure, which should be finally decided, and closed.