ISAAC H. BAILEY AND WIFE v. THE DIBBRELL MINERAL COMPANY ET AL.

(Filed 17 May, 1922.)

1. **New Trials — Verdict Set Aside — Courts — Discretion—Appeal and Error.**

   The discretion given by C. S., 591, to the trial judge to set aside a verdict, is not an arbitrary one to be capriciously exercised, but reasonably with the view to an equitable result in the correct administration of justice, and will not be reviewed on appeal except in cases of abuse thereof.

2. **Same.**

   Where the judge orders a verdict set aside, deeming it to be in the cause of justice, and as contrary to the weight of the evidence and in disregard of his instructions of the law thereon, he is acting within the discretion given him by C. S., 591.

3. **Same—Agreement of Parties—Compromise.**

   Where the losing party moves to set aside a verdict after the trial, as within the statutory discretion of the trial judge, and the judge intimates he will grant the motion, but the parties agree that he may determine the

matter out of the term, in view of attempting to compromise the disputed matter; and not hearing from the parties the judge renews his previous intimation, and sets a time and place for hearing, at which one of the parties appears and refuses the suggestion of the judge as a basis of a just settlement, his then setting the verdict aside within his reasonable discretion deals with the record as it originally stood, and is not an abuse of the discretion given him by the statute, C. S., 591.

APPEAL by plaintiffs from *Finley, J.,* at November Term, 1921, of MITCHELL.

Civil action, under C. S., 1743, to quiet title, or to remove a cloud therefrom, and also to recover damages for an alleged wrongful trespass.

There was a verdict in favor of the plaintiffs, which his Honor set aside and ordered a new trial of the cause. From this ruling the plaintiffs appealed.

*Council & Yount, Charles E. Green, and Berry & McBee for plaintiffs. M. L. Wilson, S. J. Ervin, and S. J. Ervin, Jr., for defendants.*

STACY, J. This is an appeal by the plaintiffs from the discretionary ruling of his Honor in setting aside the verdict, as rendered by the jury, and ordering a new trial of the cause. The case was tried at the November Term, 1921, of the Superior Court for Mitchell County. The jury returned a verdict in favor of the plaintiffs, and the defendants at the same term duly entered a motion to have the same vacated and set aside. This motion, by consent, was continued to be heard in vacation at some time and place convenient to the parties and to the court. On 6 January, 1922, the judge wrote counsel for the plaintiffs the following letter:

"I am writing to know if any adjustment has been made in the Bailey case from Mitchell County. If there has been no settlement of this matter, and if your clients have not offered a reasonable settlement, I feel it my duty to set aside the judgment, as it was clearly against the weight of the testimony. However, I hope the matter has been arranged, but I have heard nothing from either side for some time. It will not be necessary to appear and argue the matter before me on the day fixed. I am sending copy of this letter to Messrs. Ervin and Ervin, and after getting replies from both of you, I will announce my decision at once."

Upon receipt of this letter, counsel for plaintiffs appeared before his Honor in Charlotte, N. C., and stated that plaintiffs would agree to lease the property to the mineral company for twenty years at an annual rental price of $250. This his Honor thought was too much, but stated that "if the plaintiffs would agree to execute a lease to the mineral company, or defendants, for 20 years, at the rate of $100 a year, he would sign a judgment according to the answers to the issues as found by

the jury." Plaintiffs, through their counsel, declined to agree to this suggestion, whereupon his Honor stated that unless some such agreement were made and carried out he would set the verdict aside, which he did. The order, as signed by the judge, contains the following recital: "And it appearing to the court that the jury, in reaching said verdict, disregarded the instructions of the court, and that the said verdict, finding that the plaintiffs were the owners of the land in controversy, is contrary to the weight of the evidence, and the court, in the exercise of its discretion, deeming a new trial of said cause necessary in the interest of justice: It is considered, ordered, and adjudged that the said verdict of the jury, rendered in said cause at November Term, 1921, of Mitchell Superior Court, be and the same is hereby set aside and a new trial granted."

The right of the trial judge to set aside a verdict in his discretion, as authorized by C. S., 591, is not questioned by this appeal; but plaintiffs contend that the action of his Honor in the instant case was not a sound and wholesome exercise of the discretion which the law reposes in him. In *Settee v. Electric Ry.,* 170 N. C., 365, it was said: "The discretion of the judge to set aside a verdict is not an arbitrary one, to be exercised capriciously or according to his absolute will, but reasonably and with the object solely of presenting what may seem to him an equitable result." And again, in *Cates v. Tel. Co.,* 151 N. C., 506: "It rests in his sound discretion, which should be exercised always, not arbitrarily, but with a view to a correct administration of justice according to law."

Upon the foregoing expressions, plaintiffs predicate their appeal, but we do not think the record discloses any abuse of discretion, or arbitrary or capricious exercise of power on the part of his Honor below. The court had stated that he thought the verdict was clearly against the weight of the evidence, and that he considered it his duty to set it aside. The offer to lease the property for twenty years, at the rental price of $250 a year, then came from counsel for the plaintiffs, which his Honor thought was too much. He suggested, however, that if plaintiffs would agree to execute a lease at a lower rate, he would be disposed to let the verdict stand. This suggestion was in accordance with what his Honor conceived to be a fair and equitable adjustment of the matter; but, as the plaintiffs thought otherwise, the court was left to deal with the record as it stood, without regard to the suggested settlement.

The other exceptions, appearing on the record and relating to the trial of the cause, are not before us for consideration.

The order of the judge setting aside the verdict and granting a new trial, entered as it was in the exercise of his discretion, must be upheld.

Affirmed.