COLLEEN D. ALLIGOOD, by Her Next Friend, R. H. ALLIGOOD, v. J. F. SHELTON and HATTIE D. SHELTON.

(Filed 13 December, 1944.)

**1. Trial § 49—**

It is within the power of the trial judge, in the exercise of his sound discretion, to set aside the verdict of the jury, in whole or in part. G. S., 1-207.

**2. Same—**

The discretionary action of the trial court in setting aside the verdict on the issues of damages, because excessive or contrary to the weight of the evidence, is not appealable in the absence of a denial of some legal right.

**3. Same: Appeal and Error § 37b—**

Where the trial court set aside that part of the jury's verdict, awarding punitive damages to plaintiff against defendants, and denied the plaintiff's motion for a new trial on the issue so set aside, there is error and the ruling of the trial court is reversed.

**4. Trial § 51: Judgments § 42: Appeal and Error § 31e—**

When plaintiff preserves objection and exception to the setting aside of the verdict on an issue awarding punitive damages, and subsequent to trial and judgment, defendant pays into court the full amount of the judgment rendered, which is accepted by plaintiff, with nothing in the record to show that such payment was intended or accepted as a full settlement, this Court is not required, *ex mero motu*, to dismiss the appeal, nor does such payment and acceptance preclude the plaintiff from a new trial on the issue as to which the verdict was set aside.

APPEAL by plaintiff from *Phillips, J.,* at September Term, 1944, of RICHMOND.

Plaintiff sued for damages for wrongful eviction, and for assault.

Issues were submitted to the jury and answered as follows:

"1. Did the defendants unlawfully and wrongfully evict and eject the plaintiff from the premises described in the complaint, as alleged in the complaint?

"Answer: Yes.

"2. If so, did the defendants maliciously evict and eject the plaintiff from the premises described in the complaint, as alleged in the complaint?

"Answer: Yes.

"3. What amount of actual or compensatory damages, if any, is the plaintiff entitled to recover of the defendants?

"Answer: $200.

"4. What amount of punitive damages, if any, is the plaintiff entitled to recover of the defendants?

"Answer: $400.

"5. Did the defendant J. F. Shelton unlawfully assault the plaintiff as alleged in the complaint?

"Answer: Yes.

"6. If so, at such time and place was the defendant J. F. Shelton acting as agent, servant or employee of the defendant Hattie D. Shelton, as alleged in the complaint?

"Answer: Yes.

"7. Was said assault committed in a malicious manner, as alleged in the complaint?

"Answer: Yes.

"8. What amount of actual or compensatory damages, if any, is the plaintiff entitled to recover of the defendants?

"Answer: $200.

"9. What amount of punitive damages, if any, is the plaintiff entitled to recover of the defendants?

"Answer: $400.

"10. What amount of actual or compensatory damages, if any, is the plaintiff entitled to recover of defendant J. F. Shelton?

"Answer:

"11. What amount of punitive damages, if any, is the plaintiff entitled to recover of defendant J. F. Shelton?

"Answer:

"12. Did the plaintiff wrongfully and negligently damage the personal and real property of the defendants, as alleged in the answer?

"Answer: No.

"13. What amount of damages, if any, are the defendants entitled to recover of the plaintiff on their counterclaim?

"Answer: None."

Upon the coming in of the verdict the court in his discretion set aside the answer to the 9th issue. Plaintiff excepted.

Plaintiff then filed motion in writing that the plaintiff be awarded a new trial on the 9th issue. Motion was denied and plaintiff excepted. Judgment was rendered on the verdict, reciting the issues and responses, and the ruling of the court in setting aside the verdict on the 9th issue in his discretion, and adjudging that plaintiff recover of defendants the sum of $800 and costs.

Plaintiff excepted to the denial of his motion for new trial on the 9th issue and gave notice of appeal. After the plaintiff had given notice of appeal the defendants paid the judgment in full, together with the costs of action, and the plaintiff and plaintiff's counsel accepted the full sum of the judgment.

Plaintiff appealed, assigning as error the action of the court in setting aside the verdict on the 9th issue and the denial of his motion for a new trial on the 9th issue.

*George S. Steele, Jr., for plaintiff.*
*No counsel for defendants.*

DEVIN, J. It was within the power of the trial judge in the exercise of his sound discretion to set aside the verdict of the jury, in whole or in part. G. S., 1-207. "The discretionary action of the trial court in setting aside the verdict on the issue of damages because excessive or contrary to the weight of the evidence is not appealable in the absence of a denial of some legal right. C. S., 591; *Anderson v. Holland,* 209 N. C., 746, 184 S. E., 511; *Bailey v. Dibbrell Mineral Co.,* 183 N. C., 525, 112 S. E., 29; *Goodman v. Goodman,* 201 N. C., 808, 161 S. E., 686. It was likewise a matter of discretion as to whether the verdict should be set aside in whole or in part. *Geer v. Reams,* 88 N. C., 197." *Hawley v. Powell,* 222 N. C., 713, 24 S. E. (2d), 523. But the refusal of plaintiff's motion for another trial on the issue so set aside was the denial of a right to which she was entitled. Hence, the ruling of the court on this point must be held for error. *Panel Co. v. Ipock,* 217 N. C., 375, 8 S. E. (2d), 243; *Bird v. Bradburn,* 131 N. C., 488, 42 S. E., 936.

While it appears from the record that subsequent to the trial and entry of judgment the defendants paid the full amount of the judgment rendered on the remaining issues, and that plaintiff accepted same, we do not regard this as requiring this Court *ex mero motu* to dismiss the plaintiff's appeal. There was no motion to dismiss the appeal on this ground. The judgment was rendered for the aggregate of the amounts determined by the answers to the 3rd, 4th and 8th issues. The amounts fixed by the jury in answer to those issues were acceptable to both sides and were no longer in dispute, but there was no judgment on the 9th issue. The defendants' payment of the amount of the judgment on the issues determined had the effect of stopping interest. There is nothing in the record to show that payment was intended or accepted as a settlement of the entire claim of plaintiff, who is under age, or for more than the sums set out in the judgment. *Garland v. Improvement Co.,* 184 N. C., 551 (556), 115 S. E., 164; *Blanchard v. Peanut Co.,* 182 N. C.,

20, 108 S. E., 332; *Mercer v. Lumber Co.,* 173 N. C., 49, 91 S. E., 588. The acceptance thereof by the plaintiff under these circumstances we do not think should be held to preclude her from a trial on the issue as to which the verdict was set aside.

There was error in the denial of plaintiff's motion for a new trial on the 9th issue, and the ruling of the trial court in that respect is

Reversed.