MARGARET STUMPF GOLDSTON v. BRENDA HENDERSON CHAMBERS, EDWIN RAY CHAMBERS, HENRY SLOAN MEDLIN AND GROVER CLEVELAND MEDLIN

AND

ROBERT JOHN GOLDSTON v. BRENDA HENDERSON CHAMBERS, EDWIN RAY CHAMBERS, HENRY SLOAN MEDLIN AND GROVER CLEVELAND MEDLIN

AND

MARGARET STUMPF GOLDSTON v. BRENDA HENDERSON CHAMBERS LYNCH, EDWIN RAY CHAMBERS, HENRY SLOAN MEDLIN, AND GROVER CLEVELAND MEDLIN

AND

ROBERT JOHN GOLDSTON v. BRENDA HENDERSON CHAMBERS LYNCH, EDWIN RAY CHAMBERS, HENRY SLOAN MEDLIN AND GROVER CLEVELAND MEDLIN.

(Filed 22 November, 1967.)

**1. Appeal and Error § 41—**

Where there are separate appeals in four separate cases, but in all four the pleadings, evidence, charge of the court, the issues and the order are substantially the same, it is necessary to have only one statement of case on appeal. Rule of Practice in the Supreme Court No. 19(2).

**2. Judgments § 2—**

In the present case the record disclosed that the court heard argument for all parties upon defendants' motion to set aside the verdict, and that counsel agreed that the "order and appeal entries may be signed out of the district and out of the term." *Held:* The judge was authorized to enter an order out of the district and after the term setting aside the verdict as a matter in his discretion.

**3. Appeal and Error § 6; Trial § 48—**

Although the verdict of the jury should not be set aside without material consideration, the trial court has the power to set aside a verdict in whole or in part in the exercise of his sound discretion, G.S. 1-207, and his order doing so is not reviewable on appeal in the absence of abuse of discretion.

**4. Automobiles § 56—**

Evidence tending to show that plaintiff's car was stationary on the highway behind another car whose lights were blinking indicating a left turn, that the car immediately behind plaintiff passed both cars on the right shoulder, and that appealing defendants' car, which was the second car behind plaintiff ran into the rear of plaintiff's car, *held* sufficient to be submitted to the jury and overrule appealing defendants' motion to nonsuit, and appealing defendants may not complain that the verdict of the jury in their favor was set aside by the trial court in the exercise of his discretion on motion of the other defendants, the owner and driver of the third car behind plaintiff's car, against whom the jury returned an adverse verdict.

APPEAL by plaintiffs and by defendants Chambers from *Latham, S.J.,* 27 February 1967 Civil Session of RANDOLPH.

This was an action for personal injuries and property damage arising out of a rear-end collision which occurred on 8 June 1964 on U. S. Highway #19-23 about seven miles west of Asheville, North Carolina. Plaintiff Robert John Goldston was the owner and operator of an automobile which he had brought to a complete stop on the highway behind an automobile which was stopped with a signal light on indicating a left turn. Margaret Stumpf Goldston, his wife, was a passenger in his automobile, and sued for personal injuries. Immediately behind plaintiff was a Rambler automobile, and this automobile went around plaintiff's car and the car in front of him on the right-hand shoulder of the highway and traveled on down the highway. Defendant Edwin Ray Chambers was the owner of a car which was immediately behind the Rambler and which was being operated by his wife, Brenda Henderson Chambers, who since the accident has been divorced and is now Brenda Henderson Chambers Lynch. The Chambers automobile ran into the rear end of the Goldston automobile inflicting personal injuries upon the plaintiffs and causing damage to their automobile. Defendant Grover Cleveland Medlin was the owner of an automobile which was immediately behind the Chambers automobile and which was being operated by his son, the defendant Henry Sloan Medlin. The Medlin automobile ran into the rear end of the Chambers automobile causing it to strike plaintiff's automobile again.

Although we have four separate cases on appeal—two substantially identical in the Robert John Goldston case and two substantially identical in the Margaret Stumpf Goldston case — it is apparent that there are only two cases, because in all four records the pleadings, the evidence, the charge of the court, the issues, and the orders are substantially the same. The two actions without objection were consolidated for trial. We can only speculate that the attorney for the appellants Goldston, Mr. Burton, prepared two records on appeal, and that the attorney for the appellants Chambers, Mr. Beck, prepared two records on appeal, and that is why we have four cases on appeal. Under the facts here, it was necessary to have only one statement of the case on appeal. Rule 19(2) of the Rules of Practice in the Supreme Court, 254 N.C. 783, 797.

Plaintiffs offered evidence, the defendants Chambers offered evidence, and the defendants Medlin offered no evidence. When all the evidence had been introduced and after the court had delivered its charge, the following five issues were submitted to the jury in the Robert John Goldston case, and answered as indicated:

"1. Was the plaintiff, Robert John Goldston, injured and damaged by the negligence of the defendants, Brenda Hender-

son Chambers (Lynch) and Edwin Ray Chambers, as alleged in the complaint?

ANSWER:   No.

"2.   Was the plaintiff, Robert John Goldston, injured and damaged by the negligence of the defendant, Henry Sloan Medlin, as alleged in the complaint?

ANSWER:   Yes.

"3.   Was the defendant, Henry Sloan Medlin, operating the car of his father, Grover Cleveland Medlin, at the time and place set out in the complaint as an agent and employee of the defendant, Grover Cleveland Medlin, as alleged in the complaint?

ANSWER:   Yes.

"4.   What amount, if any, is the plaintiff, Robert John Goldston, entitled to recover of the defendants for his personal injuries?

ANSWER:   $7,500.00.

"5.   What amount, if any, is the plaintiff, Robert John Goldston, entitled to recover of the defendants for his property damage?

ANSWER:   $528.00."

The first four issues set out above were submitted to the jury in the Margaret Stumpf Goldston case with the exception that the name Margaret Stumpf Goldston was substituted for the name Robert John Goldston, and were answered in the same manner as indicated above, except that on the fourth issue the jury awarded her $3,750.00.

Upon the coming in of the verdicts, defendants Medlin moved in open court that the verdicts be set aside and that a new trial be granted upon the following grounds: (1) For errors committed during the course of the trial; (2) that the verdicts are contrary to the greater weight of the evidence; and (3) that the damages awarded by the jury were excessive. The record shows that Judge Latham, after hearing argument of counsel for all parties, signed orders setting both verdicts aside as a matter of discretion on 17 March 1967, after the term had expired and while he was out of the district in which the trial had taken place. This action by the court was done pursuant to an agreement of the parties which is reflected in the following recital contained in the appeal entries signed by Judge Latham: "It is further agreed by counsel for all parties that the Order and Appeal Entries may be signed out of the District and out of the Term."

From the court's discretionary order setting the verdicts aside, plaintiffs and defendants Chambers appeal.

*Ottway Burton for Margaret Stumpf Goldston and Robert John Goldston, appellants and appellees.*

*Steve Glass and Miller, Beck & O'Briant by Adam W. Beck for defendants Chambers, appellants.*

*Smith, Moore, Smith, Schell & Hunter by Richmond G. Bernhardt, Jr., for defendants Medlin, appellees.*

PARKER, C.J. The orders were signed by the trial judge out of term and out of the district by agreement of the parties, and such action when so authorized is permissible.

In *Knowles v. Savage*, 140 N.C. 372, 52 S.E. 930, the facts were these:

> "The record states that counsel, desiring to leave the court pending the deliberation of the jury, agreed that upon the return of the verdict, the judge could sign judgment 'out of term.' That neither of the counsel were present at the rendition of the verdict. The court announced from the bench that it would set the verdict aside if any one was present to make the motion. That while the judge was in another county, counsel, by letter, requested him to set the verdict aside, which he declined, because, in his opinion, he had no power to do so after the expiration of the term. From a judgment upon the verdict defendant appealed, assigning as error the refusal of the court to grant his motion to nonsuit plaintiff, and the refusal to set the verdict aside."

The Court, in its unanimous opinion, said:

> "Neither exception can be sustained. It is conceded that a motion to set aside the verdict for insufficient evidence must be made before the judge who tried the case upon his minutes and at the same term at which the trial is had. (Citing authority.) It is equally clear that unless otherwise agreed, the judgment must be signed during the term. The defendant contends that the agreement empowering the judge to sign the judgment after adjournment included the power to hear and determine the motion to set the verdict aside. We do not concur in this view. Such is not a reasonable construction of the agreement. Signing the judgment involved no judicial discretion or ruling. This, if omitted for any reason, could be done at a succeeding term. (Citing authority.) Hearing and determining a

motion to set the verdict aside is quite another matter — involving recollection of the testimony, manner and demeanor of witness and other incidents of the trial not likely to be impressed upon the memory of the judge that he may safely act upon them after adjournment. While convenience of counsel often occasion and usually justify outside agreements of the character made in this case, they frequently lead to confusion and irregularity in the administration of justice. The courts will not by construction extend their terms beyond the fair and reasonable import of the language used. We concur with his Honor that he had no power after the adjournment of the term to hear and pass upon the motion. The judgment must be affirmed."

In *Cogburn v. Henson*, 179 N.C. 631, 103 S.E. 377, the facts were these:

"The trial ended on Saturday afternoon, the last day of the term. The jury had not returned their verdict at 4:45 p.m. and the trial judge desiring to board a train scheduled to depart at 4:51 p.m., had the following entry made by consent of counsel for plaintiff and defendant:

" 'It is agreed by the counsel for the plaintiff and the defendant that the jury may return their verdict to the Clerk, and that the judgment may be signed out of term and out of the county.'

"The judge then left the court to board the train, and the jury afterwards returned a verdict in favor of the defendant. No judgment was signed at the July term, but at the following (September) term his Honor entered the following:

" 'In this cause, the same being tried at the July Term, 1919, of this court, and a verdict on the issues found by the jury in favor of the defendant, and counsel agreeing that the court might sign judgment out of term, and out of the county; the court now, in its discretion and upon its own motion, sets the verdict in said case aside and orders the case to be reinstated on the civil issue docket of this court to the end that a new trial be had upon the issues submitted before another jury.'

"Defendant appealed."

The Court, in an opinion written by Chief Justice Clark and joined in by Justices Brown, Hoke, and Allen, held as correctly summarized in the second headnote in our Reports:

"An agreement by the parties to an action, the last case on trial at the expiration of the term, that 'the judgment may be

signed out of term and out of the county' in effect continues the term in so far as it affects the particular matter, but reserves the right to each party to have the judge exercise the discretionary powers over the verdict, invested in him by law, and his action in setting the verdict aside in his discretion, at the next subsequent term of the court, is within the purview of the agreement, and valid. This custom is discouraged by the Court, as a bad one."

Justice Walker wrote a dissenting opinion stating in substance that the decision in *Knowles v. Savage, supra,* should be followed and not overruled. He closed his dissenting opinion with this language: "I shall, though, hereafter accept this decision of the court and abide by its construction of such agreements as it is only a question of procedure, which should be finally decided, and closed." See as apposite to the decision in the *Cogburn* case, *Bailey v. Mineral Co.,* 183 N.C. 525, 112 S.E. 29.

In the *Knowles* case the agreement was simply that the judge could sign the *judgment* out of term. In the present case the agreement was, as stated in the appeal entries, that "it is further agreed by counsel for all parties that the *Order* and Appeal Entries may be signed out of the District and out of the Term." (Italics ours.) It seems to us that the only reasonable and just construction of the agreement here made in open court at the trial term by counsel for all the parties was that for the purposes of entertaining such motions and signing orders related thereto the term of the court was prolonged, and this case should be treated by Judge Latham as if the trial term of the court were in session. We are fortified in our opinion by the fact that counsel in their briefs have not assailed Judge Latham's power to set the verdicts aside in his discretion except on the ground that he committed a manifest abuse of discretion. According to the agreement here, we are of the opinion and so sold that Judge Latham had the power to set aside the verdicts in his discretion out of the district and out of the term.

Judge Latham was fully authorized to set aside the verdicts in these two consolidated cases as a matter of discretion. It is within the power of the trial judge in the exercise of his sound discretion to set aside a jury verdict, in whole or in part. G.S. 1-207; *Alligood v. Shelton,* 224 N.C. 754, 32 S.E. 2d 350; *Geer v. Reams,* 88 N.C. 197. A verdict is a solemn act of a jury, and it should not be set aside without mature consideration; but the power of the court to set aside a verdict as a matter of discretion has always been inherent and is necessary to the proper administration of justice. *Bird*

v. *Bradburn,* 131 N.C. 488, 42 S.E. 936. This is said in *Settee v. Electric Ry.,* 170 N.C. 365, 86 S.E. 1050:

> "The discretion of the judge to set aside a verdict is not an arbitrary one to be exercised capriciously or according to his absolute will, but reasonably and with the object solely of preventing what may seem to him an inequitable result. The power is an inherent one, and is regarded as essential to the proper administration of the law. It is not limited to cases where the verdict is found to be against the weight of the evidence, but extends to many others. While the necessity for exercising this discretion, in any given case, is not to be determined by the mere inclination of the judge, but by a sound and enlightened judgment in an effort to attain the end of all law, namely, the doing of even and exact justice, we will yet not supervise it, except, perhaps, in extreme circumstances, not at all likely to arise; and it is therefore practically unlimited."

We have held repeatedly since 1820 in case after case, and no principle is more fully settled in this jurisdiction, that the action of the trial judge in setting aside a verdict in his discretion is not subject to review on appeal in the absence of an abuse of discretion. *Scott v. Trogdon,* 268 N.C. 574, 151 S.E. 2d 18; *Goldston v. Wright,* 257 N.C. 279, 125 S.E. 2d 462; *Walston v. Greene,* 246 N.C. 617, 99 S.E. 2d 805; *Goodman v. Goodman,* 201 N.C. 808, 161 S.E. 686; *Bird v. Bradburn, supra; Brink v. Black,* 74 N.C. 329; *Long v. Gantley,* 20 N.C. 457; *Alley v. Hampton,* 13 N.C. 11; *Armstrong v. Wright,* 8 N.C. 93. The records in these two cases disclose no abuse of discretion on the part of the trial judge; hence, the order setting aside the verdict in each case is not subject to review on appeal.

The assignment of error of plaintiffs that the court erred in setting aside the entire verdict in each case in its discretion is without merit and is overruled.

Defendants Chambers assign as error the setting aside of the verdict on the first issue in each case which found that neither plaintiff was injured nor the male plaintiff's car damaged by the negligence of the defendants Chambers. They contend that the setting aside of the verdict on the first issue in each case in his discretion by the trial judge was a manifest abuse of discretion and has produced a "miscarriage of justice," "an inequitable result," and "a palpable error," for the reason that the plaintiffs presented no evidence tending to show any actionable negligence on the part of the defendants Chambers, and that they are entitled to a judgment on the verdict adjudging and decreeing that each plaintiff have and recover nothing from the defendants Chambers. Considering plaintiffs' evidence

in the record before us as true and in the light most favorable to them and giving them the benefit of every reasonable inference in their favor which may be reasonably deduced therefrom, plaintiffs presented sufficient evidence to carry the case to the jury. 4 Strong's N. C. Index, Trial, § 21. No manifest abuse of discretion on the part of Judge Latham appears in the record. Defendants Chambers were not entitled to have the suit as against them terminated by a judgment of compulsory nonsuit. All assignments of error of the defendants Chambers are overruled.

Appeals of plaintiffs and defendants Chambers are
Dismissed.