CITY OF RANDLEMAN, PETITIONER v. JAMES J. HUDSON AND WIFE, MARIE G. DUNN HUDSON, DEFENDANTS

No. 6819SC259

(Filed 18 September 1968)

**Trial § 48;  Appeal and Error § 54— power of court to set aside verdict — review on appeal**

A motion to set aside the verdict rests in the discretion of the trial judge, and his order doing so and awarding a new trial is not reviewable on appeal in the absence of abuse of discretion.

APPEAL from *Seay, J.,* February 1968 Civil Session of Superior Court, RANDOLPH County. This is a special proceeding in which the City of Randleman, as petitioner, under the provisions of Chapter 40 of the General Statutes of North Carolina, seeks to condemn a right-of-way for the construction of a sewer line over and across a portion of the lands of the defendant landowners. The property is located within the city limits of the City of Randleman, Randolph County, North Carolina. The case came on for trial before a jury. There was conflicting evidence as to the amount of damages sustained and varied from a top figure of $3,000 to a low figure of $370. The jury awarded the sum of $1,800 and the City of Randleman made a motion to set the verdict aside and for a new trial. Judge Seay entered an order: "IT IS, THEREFORE, ORDERED, in the discretion of the Court, that the verdict of the jury in this trial be set aside and

that a new trial be held in this matter." The defendant landowners objected and excepted to this order and appealed.

*Ottway Burton, Attorney for defendant appellants.*

*L. T. Hammond, Sr., Attorney for petitioner appellee.*

CAMPBELL, J.

In *Goldston v. Chambers*, 272 N.C. 53, 157 S.E. 2d 676, Chief Justice Parker stated:

> "It is within the power of the trial judge in the exercise of his sound discretion to set aside a jury verdict, in whole or in part. G.S. 1-207; . . . A verdict is a solemn act of a jury, and it should not be set aside without mature consideration; but the power of the court to set aside a verdict as a matter of discretion has always been inherent and is necessary to the proper administration of justice."

He goes on to state:

> "We have held repeatedly since 1820 in case after case, and no principle is more fully settled in this jurisdiction, that the action of the trial judge in setting aside a verdict in his discretion is not subject to review on appeal in the absence of an abuse of discretion."

He then quotes from *Settee v. Electric Ry.*, 170 N.C. 365, 86 S.E. 1050 as follows:

> "The discretion of the judge to set aside a verdict is not an arbitrary one to be exercised capriciously or according to his absolute will, but reasonably and with the object solely of preventing what may seem to him an inequitable result. The power is an inherent one, and is regarded as essential to the proper administration of the law. It is not limited to cases where the verdict is found to be against the weight of the evidence, but extends to many others. While the necessity for exercising this discretion, in any given case, is not to be determined by the mere inclination of the judge, but by a sound and enlightened judgment in an effort to attain the end of all law, namely, the doing of even and exact justice, we will yet not supervise it, except, perhaps, in extreme circumstances, not at all likely to arise; and it is therefore practically unlimited."

The record in this case discloses no abuse of discretion on the part of the trial judge; hence, the order setting aside the verdict in this case is not subject to review on appeal.

The assignment of error that the court erred in setting aside the verdict in its discretion is without merit and is overruled.

Dismissed.

MALLARD, C.J. and MORRIS, J., concur.