Branson v. York

---

W. W. BRANSON v. W. C. YORK AND MRS. W. C. YORK

No. 7119SC194

(Filed 23 June 1971)

Trial § 51— jury verdict set aside

 The trial court did not abuse its discretion in setting aside a jury
 verdict in favor of plaintiff in this action on contract.

APPEAL by plaintiff from *Gambill, Judge,* 21 September 1970 Session of Superior Court held in RANDOLPH County.

Civil action on contract. Plaintiff seeks to recover $1,440.50 alleged to be the balance owed him by defendants for services rendered and materials furnished. Defendants denied the debt and counterclaimed for $2,170.47 which they allege to be the reasonable value of various services and property which they allege were furnished to plaintiff. The jury returned verdict in favor of plaintiff in the amount of $800.00. Defendants moved that the court in its discretion set the verdict aside as being contrary to the greater weight of the evidence. From order allowing this motion and directing that the case be restored to the trial docket, plaintiff appealed.

*Ottway Burton for plaintiff appellant.*

*Bell, Ogburn & Redding by John N. Ogburn, Jr., and William W. Ivey for defendant appellees.*

PARKER, Judge.

The action of the trial judge in setting aside a verdict in his discretion is not subject to review on appeal in the absence of an abuse of discretion. *Goldston v. Chambers,* 272 N.C. 53, 157 S.E. 2d 676; *City of Randleman v. Hudson,* 2 N.C. App. 404, 163 S.E. 2d 77. The record in this case does not disclose an abuse of discretion by the trial judge; hence, the order setting aside the verdict in this case is not subject to review on appeal.

Appeal dismissed.

Chief Judge MALLARD and Judge VAUGHN concur.